**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ILEANA LUCELY RIVERA MEDINA, | No. 18-73306 |
| Petitioner, | Agency No. A204-643-462 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021**
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,*** District
Judge.

Ileana Lucely Rivera Medina, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals (BIA) final removal order denying

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

her applications for withholding of removal and Convention Against Torture (CAT) relief. We have jurisdiction under 8 U.S.C. § 1252. We review denials of withholding of removal and CAT relief for substantial evidence, and we may grant this petition only if "the evidence not only supports a contrary conclusion, but compels it." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

1. Petitioner first argues that the BIA erred in denying her motion to remand her immigration case for termination. Here, she contends that the Immigration Judge (IJ) who presided over her case lacked jurisdiction because the notice to appear (NTA) omitted the date and time of her initial removal hearing.

Although Petitioner was served with an NTA that omitted the date and time of her initial removal hearing, it is undisputed Petitioner had actual notice of the hearing date and time through a subsequent notice of hearing that she received. The IJ had jurisdiction over Petitioner's removal proceedings notwithstanding the absence of the hearing date and time from the initial NTA. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019).

2. Petitioner next contends that the BIA improperly denied her application for withholding of removal when it decided that her proffered particular social group was not cognizable under the Immigration and Naturalization Act (INA).

"[A] particular social group *must* exist independently of the harm asserted in an application for asylum or statutory withholding of removal . . . and individuals

2

in the group must share a narrowing characteristic other than their risk of being persecuted." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1081 (9th Cir. 2020) (quoting *Matter of A-B-*, 27 I. & N. Dec. 316, 334–35 (A.G. 2018)) (internal quotation marks and citations omitted).

Here, Petitioner claims past persecution on account of her membership in the particular social group of "women fleeing domestic abuse." The BIA permissibly held that Petitioner failed to demonstrate her particular social group exists independently of the past persecution set out in her application for withholding of removal. *See id*.

3.   Petitioner further insists the BIA wrongly denied her withholding of removal on the basis of erroneous factual findings that her membership in the particular social groups of "family" and "women fleeing domestic abuse" is not a reason for the harm she fears in Mexico. Petitioner alternatively asks us to revive her application for withholding of removal because the BIA made a groundless factual finding that she submitted insufficient evidence that the Mexican government will be unable or unwilling to protect her from harm.

The record does not compel any conclusions contrary to those reached by the BIA, so we cannot reverse the BIA's denial of Petitioner's request for withholding of removal in this case. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (quoting *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th

3

Cir. 2011)) ("We review [the BIA's] factual findings for substantial evidence; factual findings should be upheld 'unless the evidence compels a contrary result.'").

4.      Petitioner asks this Court to remand her CAT claim because the BIA failed to consider her country conditions evidence. Alternatively, Petitioner asks us to reverse the BIA's rejection of her CAT claim because this evidence compels a conclusion that Petitioner will be tortured with the Mexican government's consent or acquiescence.

However, the record does not support her contentions. The BIA determined that Petitioner's country conditions evidence "does not establish that government authorities would be unwilling or unable to protect her." *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime."). The BIA's order reflects the BIA sufficiently considered country conditions in connection with Petitioner's withholding of removal and CAT claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (explaining that the BIA "does not have to write an exegesis on every contention"); *Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (stating that the BIA presumably considers all relevant evidence

4

absent an indication to the contrary). Finally, Petitioner's proffered country conditions evidence does not compel us to conclude that she will be tortured with the Mexican government's consent or acquiescence. *See Budiono*, 837 F.3d at 1046.

**PETITION DENIED**.